W. R. GRIFFIN, Appellant, v. PETER WERDELL, Appellee.

**BOUNDARIES:** Acquiescence—Acquiescence without · Occupancy—
1 Effect. Conduct continued for more than ten years by a series of grantors, and clearly evincing an acquiescence in a certain boundary line, irrevocably establishes the line, even though one chain of grantors did not, by buildings or the like, *physically occupy their lands up to the partition line.*

**BOUNDARIES:** Acquiescence—Encroaching Foundation Walls. A
2 boundary line by acquiescence, duly marked by an existing wall, is necessarily confined to that line of the wall which is visible.

*Appeal from Cherokee District Court.*—WM. HUTCHINSON, Judge.

OCTOBER 25, 1917.

REHEARING DENIED FEBRUARY 13, 1918.

SUIT in equity to establish the boundary line between the respective lots of plaintiff and defendant. Appellant's brief states that there was a decree dismissing the petition. It does not appear from the abstract, however, that any decree was entered. The case having been discussed on the merits by both parties, we shall treat it accordingly.— *Affirmed.*

*McCulla & McCulla,* for appellant.

*Herrick & Herrick* and *Molyneux & Maher,* for appellee.

EVANS, J.—The defendant is the owner

1. BOUNDARIES: acquiescence: acquiescence without occupancy: effect.

of Lot 1 in a certain Block 10. This is a corner lot, at the northwest corner of a block. Its length faces west and its width faces north. It is 24 feet wide from west to east. The plaintiff is the owner of Lot 2, which is also 24 feet wide, and adjoins Lot 1 on the east. The defendant's lot has been occupied to its full extent by a building located thereon since the year 1891. During the same period of time, Lot 2 has been in the possession of its owners, but has not been occupied up to the partition line by any building. The claim of plaintiff is that the defendant's building encroaches from 5 to 8 inches over the line. The defendant has interposed the threefold defense of denial, acquiescence, and adverse possession. Disregarding the claim of acquiescence and adverse possession, the location of the original true line is involved in considerable uncertainty. A number of surveys have been made, and no two of them agree. A survey made on behalf of the plaintiff shows an encroachment of 8 inches at one end of the line, and of 4 inches at the other. The plaintiff purchased his lot December 31, 1914, from McNeal. In July, 1914, McNeal had a survey made, which showed an encroachment of one inch by defendant. Surveys made on behalf of the defendant show his wall to be laid upon the true line. The ascertainment of the true line, therefore, from present surveys would present a question of great difficulty. We find less trouble in the consideration of the other defenses presented.

It is urged by the appellant that the defense of acquiescence is not established because there was no occupancy by the owner of Lot 2 up to the partition line. The fact of occupancy, however, or want thereof, is only a circumstance, which may or may not have controlling importance. Under the facts in this case, the want of occupancy is not of controlling importance. The material facts in this case

bearing on the question of acquiescence began with the year 1891. At that time, Lot 1 was owned by Jugler, and Lot 2 by O'Donnell. Jugler proposed to move upon his lot a building which he had purchased. The building was 25 feet wide. He, proposed to buy from O'Donnell a strip of Lot 2, one foot wide, in order to accommodate his building. O'Donnell refused to sell to him any part of Lot 2. Jugler thereupon obtained permission from the city council to encroach upon the street to the necessary extent of one foot. O'Donnell insisted that there should be no encroachment upon the partition line. Thereupon the county surveyor, Pingrey, who is a witness herein, was employed to locate the line, and he did so. Both O'Donnell and Jugler participated more or less in his work, and were fully cognizant of everything that was done by him. He claims to have found, at that time, the original stakes which were used in the platting of the tract. At the northeast corner of Lot 1, he himself, at that time, drove an iron stake, in lieu of the wooden stake he found there. When this controversy arose, he made the survey again, and found the iron stake which he placed in 1891. The location of this iron stake sustains the contention of the defendant. Be that as it may, the result of his survey in 1891 was never questioned either by Jugler or by O'Donnell. Jugler placed his building in accord with the Pingrey survey. O'Donnell was occupying a part of Lot 2, and so continued up to the time of his death, in 1900. Under his will, McNeal took title to such lot. From 1900 until December 31, 1914, McNeal occupied Lot 2. He never questioned the location of the partition line, as indicated by the defendant's building. As a witness for the plaintiff, he testified that he had always believed that the defendant's building was located upon the true line, until July, 1914, when he had a survey made. As heretofore stated, such survey indicated an encroachment of one inch on Lot 2, but McNeal raised no

question on account thereof. The plaintiff herein was the first to challenge the line.

There is some equity to be found for the defendant, also, in the fact that he became a purchaser of this property in 1903, paying full value therefor. He purchased in the full belief that the building was correctly located. The acquiescent conduct of the adjoining owner naturally encouraged such belief. The defendant continued to occupy the property for more than ten years prior to the beginning of this suit, in the full belief that he owned the land underlying his building. McNeal owned Lot 2 for 14 years without a protest, and without a protest even after his survey in July, 1914. We think a clear case of acquiescence is presented. Appellant relies with much confidence upon the case of *Griffin v. Brown,* 167 Iowa 599, wherein the finding was against the claim of acquiescence. We find nothing in that case that runs at all counter to our present holding. In that case, the defendant Brown never knew of any claim by the plaintiff to the pretended line; nor had he ever occupied his own land so as to make a recognition by occupancy.

2. BOUNDARIES: acquiescence: encroaching foundation walls.

We find some evidence in the record that the defendant's wall underneath the soil extends east to some extent beyond the line of the wall above the surface. There is no room for holding that there was any acquiescence in any other line than that disclosed by the wall above the surface of the ground. The defendant is not entitled to encroach underneath the ground beyond such line. It also appears from the testimony that, when Jugler put his building upon Lot 1, he was permitted to extend the eaves of his building over Lot 2, with the understanding that, whenever Lot 2 should be occupied by a building, these eaves should be removed, and the east windows of the building should be closed. This obligation is recognized by defend-

ant, and, as we understand the record, he has already re-
moved the eaves of his building. The decree entered below
is, therefore,—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.